In the United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| **Bridget Namondo Mbome,** § | |
| § | |
| plaintiff, § | |
| § | |
| v. § | case no. 4:18-cv-597-O |
| § | |
| **Henry Njie, Emilia Njie,** and § | |
| **Mary Mbella,** § | |
| § | |
| defendants. § | |

**Defendants' Motion to Dismiss**

Henry Njie, Emilia Njie, and Mary Mbella (collectively, **"Defendants"**) file this motion to dismiss pursuant to Rule 12(b)(6).

I. **Basis for Motion**

Bridget Namondo Mbome (**"Plaintiff"**) brings various claims against Defendants complaining about conduct that she alleges occurred between April of 2008 and October of 2015 at the latest. Specifically, Plaintiff asserts that she was the victim of human trafficking in violation of 18 U.S.C. 1589, 18 U.S.C. 1590, 18 USC 1592, 18 U.S.C. 1593A, and 18 U.S.C. 1594, as well as Texas Civil Practice & Remedies Code section 98.001. Plaintiff also asserts that was not paid a minimum wage in violation of the Fair Labor Standards Act (**"FLSA"**), 29 U.S.C. 201. Finally, Plaintiff asserts Texas common law and statutory claims for fraud, breach of contract, theft of services, and quantum meruit.

Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted, as each of Plaintiff's claims are barred by the applicable statutes of limitations. The application of the limitations period

is evident from the facts set out in Plaintiff's complaint, and thus, Defendants offer no further evidence in support of this motion beyond Plaintiff's own pleadings.

## II. Factual Background

Plaintiff asserts that she was born in Cameroon, where she lived until sometime in April of 2008.[1]  ECF docket 1, ¶ 14-17.  Plaintiff asserts that she was brought to the United States to live with Defendants (who are related to Plaintiff), with Plaintiff first coming to the United States on April 29, 2008.  ECF docket 1, ¶ 31.

Upon her arrival in the United States, Plaintiff lived with Defendants, and she left Defendants' house to go to church, run errands to various stores, and even to travel to Maryland to visit other family.  ECF docket 1, ¶¶ 37, 38, 44.  From April of 2008 through October of 2015, Plaintiff contends she performed various services at the request of Defendants, such as assisting with Defendants' children, cooking, cleaning, and the like.  ECF docket 1, ¶¶ 35-37, 53.  Plaintiff contends she ceased performing these services as of October of 2015, and that she was "kicked out" of Defendants' house.  ECF docket 1, ¶ 53.

Plaintiff filed her original complaint on July 20, 2018.  ECF docket 1.

## III. Motion to Dismiss

Plaintiff's trafficking claims are all based on a ten-year statute of limitations, which accrued beginning, at the latest, on April 29, 2008.

---

[1] All of the factual assertions here are taken from Plaintiff's original complaint, and all such allegations are, for purposes of this motion only, assumed to be true despite Defendants' vehement denials of any wrongdoing whatsoever.

**Defendants' Motion to Dismiss,** page 2

Plaintiff's FLSA complaint is governed by a two-year statute of limitations, which began to run two years prior to the filing of this action on July 20, 2016 – the FLSA limits wage claims for any period prior to two years before the filing of the lawsuit. Plaintiff's complaint demonstrates that she ceased any alleged work for which wages were due in October of 2015.

Plaintiff's breach of contract, fraud, theft of services, and quantum meruit claims are all governed by a four-year statute of limitations, which began accruing at the latest in April of 2008.

Because Plaintiff failed to file this action until well after all applicable limitations periods had run, and because such failure is evident from the facts set out in the complaint, Plaintiff has failed to allege any claims upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), this court should dismiss all of Plaintiff's claims.

Prayer

Defendants respectfully request that Plaintiff's claims all be dismissed, and that the court award Defendants any such further relief to which they are justly entitled.

Respectfully submitted,

    /s/ Michael Hassett
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR DEFENDANTS

**Defendants' Motion to Dismiss,** page 3

Certificate of Service

The undersigned certifies that on September 12, 2018, I caused this motion to be served on all counsel of record via the court's CM/ECF system.

*/s/ Michael Hassett*

**Defendants' Motion to Dismiss,** page 4