In the United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **Bridget Namondo Mbome,** | § § § § | |
| plaintiff, | § § | |
| v. | § § § | case no. 4:18-cv-597-O |
| **Henry Njie, Emilia Njie,** and **Mary Mbella,** | § § § § | |
| defendants. | § § | |

<u>**Defendants' Brief in Support of Motion to Dismiss**</u>

Henry Njie, Emilia Njie, and Mary Mbella (collectively, **"Defendants"**) file this brief in support of their motion to dismiss pursuant to Rule 12(b)(6).

## I.   Plaintiff's Trafficking Claims Are Time Barred

A.   <u>Federal Trafficking Claims Governed by Ten-Year Limitations Period</u>

Plaintiff's first through fifth claims for relief are brought under various sections of the federal Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1589-1595.

18 U.S.C. 1595 contains the statute of limitations for each of Plaintiff's first five claims for relief.  It provides, simply, that no civil action under this act may be maintained unless it is instituted within ten years after the cause of action arose.  18 U.S.C. 1595.  Each of Plaintiff's first five claims for relief arose, at the latest, when Plaintiff claims she came to the United States, on or about April 29, 2008.  The last day under the applicable limitations period for file these claims would have been, at the latest, April 29, 2018.  Plaintiff, however, did not file this action until July 20, 2018.

Plaintiff has failed to allege claims upon which relief can be granted with respect to the federal trafficking allegations.  Pursuant to Rule 12(b)(6), these claims should be dismissed.

B.	State Trafficking Claim Governed by Four-Year Limitations Period

Plaintiff asserts, in her seventh claim for relief, a cause of action pursuant to Texas Civil Practice and Remedies Code section 98.001 and 98.002.  This statutory cause of action is the Texas Liability for Trafficking of Persons statute, which provides for liability based on certain conduct.

This statute does not contain an express statute of limitations period.  Further, this cause of action is not contemplated by any of the Texas general limitations' period statutes.  In such a situation, the residual four-year limitations period found in Texas Civil Practice and Remedies Code section 16.051 applies.  Tex. Civ. Prac. & Rem. C. § 16.051.  Thus, Plaintiff's claim under the Texas trafficking statute must have been filed within four years of its accrual.

Plaintiff's seventh claim for relief arose, at the latest, when Plaintiff claims she came to the United States, on or about April 29, 2008.  The last day under the applicable limitations period for file these claims would have been, at the latest, April 29, 2012.  Plaintiff, however, did not file this action until July 20, 2018.

Plaintiff has failed to allege a claim upon which relief can be granted with respect to the Texas state trafficking allegations.  Pursuant to Rule 12(b)(6), these claims should be dismissed.

II.	**FLSA Claim Is Time Barred**

Plaintiff's sixth claim for relief is for an alleged violation of the FLSA for failure to pay a minimum wage for hours worked.  29 U.S.C. 255 provides that such a claim is "forever barred unless commenced within two years after the cause of action accrued."  For purposes of the FLSA,

the limitations period is backwards looking, meaning a plaintiff cannot recover alleged minimum wages for more than two years prior to the filing of the action.

Here, Plaintiff filed this action on July 20, 2018, meaning she cannot recover any wages alleged to have been earned prior to July 20, 2016.  Plaintiff's complaint, however, demonstrates that Plaintiff ceased performing any work whatsoever for Defendants in October of 2015.  Because all alleged wage violations occurred prior to two years before the filing of this action, Plaintiff has failed to state a claim under the FLSA upon which relief can be granted.

Plaintiff's sixth claim for relief should be dismissed.

### III..  Fraud Claim Is Time Barred

Plaintiff's eighth claim for relief is a Texas common law fraud allegation.  The limitations period for Texas common law fraud claims is four years.  Tex. Civ. Prac. & Rem. C. §16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011).

Plaintiff complains succinctly that "***prior to [her] arrival in the United States***, Ms. Mbella, in her capacity as the Njies' agent, falsely represented to Ms. Mbome that if she came to the United States to work for the Njies, she would be fairly compensated."  ECF docket 1, ¶ 128.  Plaintiff further contends that she relied on that misrepresentation and that she never would have agreed to come to the United States without that representation.

Without question, Plaintiff's fraud claim accrued sometime "prior to [Plaintiff's] arrival in the United States," which Plaintiff contends was on or about April 29, 2008.  The last day for filing this claim was April 29, 2012.  Plaintiff did not file this action until July 20, 2018.

Plaintiff has failed to assert a fraud claim upon which relief can be granted, and as such, the eighth claim for relief should be dismissed.

## IV. Theft of Services Claim Is Time Barred

Plaintiff's ninth claim for relief is for theft of services pursuant to Texas Civil Practice and Remedies Code section 134.001.

This is a Texas statutory cause of action, but the statute itself does not contain a specific limitation period. Further, this cause of action is not contemplated by any of the Texas general limitations' period statutes. In such a situation, the residual four-year limitations period found in Texas Civil Practice and Remedies Code section 16.051 applies. Tex. Civ. Prac. & Rem. C. §16.051. Thus, Plaintiff's claim under the Texas theft of services statute must have been filed within four years of its accrual.

The specific cause of action asserted requires proof that an actor secures performance of services without the intent pay for them by deception, threat, or false token. Plaintiff alleges that Defendants "falsely represented to [Plaintiff] would be compensated for her services and that "[Plaintiff] never would have come to the United States to work for the Njies had she known she would not be paid for her work." ECF docket 1, ¶ 138. The alleged "deception, threat or false token" occurred before Plaintiff came to the United States, meaning it happened sometime before April 29, 2008, thus starting the accrual of the four-year limitations period.

Plaintiff has failed to state a theft of services claim upon which relief can be granted, and this claim should also be dismissed.

## V. Breach of Contract and Quantum Meruit Causes of Action Are Time Barred

Plaintiff's tenth claim for relief is for breach of an implied contract, and her eleventh claim for relief is for alternative relief under the equitable theory of quantum meruit.

**Defendant's Brief in Support of Motion to Dismiss**, page 4

The Texas statute of limitations for a contract action is four years. Tex. Civ. Prac. & Rem. C. §16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). Breach of contract actions accrue at the time of the first breach. *Via Net v. TIG Ins.,* 211 S.W.3d 310, 314 (Tex. 2006).

Similarly, the limitations period for an action for quantum meruit is four years. *Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex. App. – San Antonio 2008, no pet.); *William v. Khalaf*, 802 S.W.2d 651, 657 (Tex. 1990).

Plaintiff again alleges that she entered into an agreement to be paid for her services, and that Defendants breached those agreements. The breach of those agreements, however, certainly occurred, as alleged in Plaintiff's complaint, immediately upon Plaintiff's arrival in the United States in April of 2008. Thus, these claims are also time barred.

Plaintiff has failed to allege a claim for either breach of contract or quantum meruit upon which relief can be granted, and each of these claims should be dismissed.

Prayer

Defendants respectfully request that the court dismiss each of Plaintiff's ten claims for relief pursuant to Rule 12(b)(6) and grant Defendants any such further relief to which they are justly entitled.

Respectfully submitted,

*/s/ Michael Hassett*
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR DEFENDANTS

Certificate of Service

The undersigned certifies that on September 12, 2018, I caused this motion to be served on all counsel of record via the court's CM/ECF system.

*/s/ Michael Hassett*