**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| BRIDGET NAMONDO MBOME, | |
| Plaintiff, | |
| v. | |
| HENRY NJIE, EMILIA NJIE, and MARY MBELLA, | CIVIL ACTION NO. 4:18-cv-00597-O |
| Defendants. | |

**PLAINTIFF'S RESPONSE AND SUPPORTING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

LEGAL STANDARD .........................................................................................................3

ARGUMENT .......................................................................................................................3

    I.      Ms. Mbome Timely Filed Her Claims ................................................................3

          A.      Ms. Mbome Timely Filed Her Federal Trafficking Claims ......................3

          B.      Ms. Mbome Timely Filed Her Texas Trafficking Claim............................5

          C.      Ms. Mbome Timely Filed Her Willful FLSA Claim..................................6

          D.      Ms. Mbome Timely Filed Her Fraud Claim ..............................................8

          E.      Ms. Mbome Timely Filed Her Other Texas State Law Claims.................10

                1.      Theft of Services ..........................................................................10

                2.      Breach of Contract .......................................................................11

                 3.      Quantum Meruit ...........................................................................12

    II.      Defendants' Actions Equitably Tolled the Statutes of Limitations on Ms. Mbome's Claims ..............................................................................................13

    III.    Defendants' Fraudulent Concealment Suspended the Running of Limitations on Ms. Mbome's Claims ..................................................................14

CONCLUSION...................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adhikari v. Kellogg Brown & Root, Inc.*,
  845 F.3d 184 (5th Cir.), *cert. denied*, 138 S. Ct. 134, 199 L. Ed. 2d 35 (2017) .....................13

*Alcorn v. George Mason Mortg., LLC*,
  No. CV RDB-15-2727, 2016 WL 3440261 (D. Md. June 23, 2016) ........................................6

*Arce v. Garcia*,
  434 F.3d 1254 (11th Cir. 2006) ...........................................................................................13

*Bertrand v. Bertrand*,
  449 S.W.3d 856 (Tex. App.—Dallas 2014, no pet.) ..............................................................8

*Channel Source Inc. v. CTI Indus. Corp.*,
  No. 3:15-CV-0271, 2015 WL 13118198 (N.D. Tex. Oct. 26, 2015) .....................................12

*Cont'l Cas. Co. v. Dr Pepper Bottling Co. of Tex., Inc.*,
  416 F. Supp. 2d 497 (N.D. Tex. 2006) .................................................................................11

*Cruz v. Maypa*,
  773 F.3d 138 (4th Cir. 2014) .......................................................................................4, 7, 13

*Darowski v. Wojewoda*,
  No. 3:15-CV-00803 (MPS), 2016 WL 4179840 (D. Conn. Aug. 7, 2016) ..............................7

*Doe v. Siddig*,
  810 F. Supp. 2d 127 (D.D.C. 2011) ......................................................................................14

*Doe v. St. Stephen's Episcopal Sch.*,
  382 F. App'x 386 (5th Cir. 2010) .........................................................................................15

*Earle v. Ratliff*,
  998 S.W.2d 882 (Tex. 1999) .................................................................................................14

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*,
  348 S.W.3d 194 (Tex. 2011) ..................................................................................................9

*Griffin v. Box*,
  85 F.3d 625 (5th Cir. 1996) ...................................................................................................3

*Han v. Korea Express U.S.A., Inc.*,
  No. 3:13-CV-04815-P, 2014 WL 12531505 (N.D. Tex. June 3, 2014) ....................................3

ii

*Hongxia Wang v. Enlander*,
    No. 17 CIV. 4932 (LGS), 2018 WL 1276854 (S.D.N.Y. Mar. 6, 2018) ...........................4, 13

*Hooks v. Samson Lone Star, Ltd. P'ship*,
    457 S.W.3d 52 (Tex. 2015)...............................................................................................9

*Intermedics, Inc. v. Grady*,
    683 S.W.2d 842 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) ............................11

*Jaso v. The Coca Cola Co.*,
    435 F. App'x 346 (5th Cir. 2011) ........................................................................................3

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) ...............................................................................................3

*Judd v. KeyPoint Gov't Sols., Inc.*,
    No. 18-CV-00327-RM-STV, 2018 WL 3057880 (D. Colo. June 20, 2018) ...........................6

*Kiwanuka v. Bakilana*,
    844 F. Supp. 2d 107 (D.D.C. 2012) ....................................................................................14

*Main v. Am. Airlines Inc.*,
    248 F. Supp. 3d 786 (N.D. Tex. 2017) (O'Connor, J.) ..........................................................3

*Mayo v. Hartford Life Ins. Co.*,
    354 F.3d 400 (5th Cir. 2004) ..............................................................................................11

*Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*,
    No. 04-13-00275-CV, 2014 WL 3747249 (Tex. App. —San Antonio, July 30,
    2014, pet. denied)..................................................................................................................8

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988).............................................................................................................6

*Oluoch v. Orina*,
    101 F. Supp. 3d 325 (S.D.N.Y. 2015)...................................................................................4

*Perkins v. Total Bldg. Maint., Inc.*,
    No. 3:14-CV-2398-B, 2015 WL 1609193 (N.D. Tex. Apr. 7, 2015) .......................................6

*Quigley v. Bennett*,
    256 S.W.3d 356 (Tex. App.—San Antonio 2008, no pet.)....................................................12

*Ramirez v. CSJ & Co.*,
    No. 06 CIV. 13677 (LAK), 2007 WL 1040363 (S.D.N.Y. Apr. 3, 2007)................................8

*S.V. v. R.V.*,
    933 S.W.2d 1 (Tex. 1996).....................................................................................................15

*Seismic Wells, L.L.C. v. Sinclair Cos.*,
   No. 17-10373, 2018 WL 4191020 (5th Cir. Aug. 31, 2018) ...................................................9

*Simpson v. Nine Energy Servs., L.L.C*,
   No. H-16-836, 2017 WL 879547 (S.D. Tex. Mar. 6, 2017) ...................................................7

*Summa v. Hofstra Univ.*,
   715 F. Supp. 2d 378 (E.D.N.Y. 2010) ...................................................................................7

**Statutes**

29 U.S.C. § 255(a) ...............................................................................................................6

Tex. Civ. Prac. & Rem. Code § 16.004(a)(3) .....................................................................12

Tex. Civ. Prac. & Rem. Code § 16.0045(b)(3) ..........................................................5, 8, 10

Tex. Civ. Prac. & Rem. Code § 16.051 ...............................................................................11

Tex. Civ. Prac. & Rem. Code § 134.001 .............................................................................10

Tex. Penal Code § 20A.02 ..............................................................................................5, 10

Tex. Penal Code § 31.04(4) .................................................................................................10

Trafficking Victims Protection Reauthorization Act....................................................3, 4, 5, 19, 20

Plaintiff Bridget Namondo Mbome ("Ms. Mbome") respectfully submits this Response and Supporting Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## INTRODUCTION

Defendants trafficked Ms. Mbome into the United States and manipulated, controlled, and exploited her for eight years as she worked tirelessly as a nanny, cook, and housekeeper without compensation.  Defendants took advantage of Ms. Mbome and enjoyed the full benefit of her services; they now seek to avoid liability for their actions by moving to dismiss Ms. Mbome's claims arguing that she did not bring them in time.  That Defendants believe their actions should be excused because Ms. Mbome, a Cameroonian trafficked and deceived by Defendants, did not bring her claims *while she was being trafficked* is wrong from a legal perspective and as a matter of justice.  To that end, every one of Defendants' statute of limitations arguments fails for several reasons.

First, Defendants apply the wrong accrual dates for all of Ms. Mbome's claims.[1]  Second, Defendants' Motion to Dismiss does not take into consideration that Defendants deceived and manipulated Ms. Mbome in such a way that any statute of limitations that would have run during the time she was trafficked was equitably tolled.  Third, Defendants fraudulently concealed what they were doing to Ms. Mbome.  Such fraudulent concealment provides an independent reason for suspending the running of the statutes of limitations until Ms. Mbome became aware of Defendants' actions.

---

[1] In addition, Defendants cite the wrong limitations period for Ms. Mbome's Texas tort claims and Fair Labor Standards Act ("FLSA") claim.

Defendants contend that most of Ms. Mbome's claims accrued on or before April 29, 2008[2]—the date that she left Cameroon for the United States.  To assert that Ms. Mbome could have anticipated on or before the date of her departure what would later befall her is ludicrous and misses the point—Ms. Mbome was not willingly trafficked; she was manipulated and deceived by Defendants for eight long years and could not have brought these claims during that time.  Ms. Mbome reasonably expected that she would be fairly compensated for her work.  She had not yet had her travel documents confiscated by the Njies.  She had not yet been harmed by their withholding of compensation.  She had not yet been denied regular healthcare and the ability to travel freely.  She had not yet been made to feel worthless or put in fear for her life.

Considering the facts alleged in the Complaint, Ms. Mbome's trafficking claims against Defendants accrued, at the earliest, when she was partially freed from their control in May 2016.  Ms. Mbome's theft of services and quantum meruit claims against Defendants also accrued, at the earliest, in May 2016 when she completed her work for Defendants and they refused to pay her.  Ms. Mbome's breach of contract and fraud claims against Defendants accrued, at the earliest, in October 2015 when Defendants initially raised the issue of compensation with her, indicating for the first time that they did not intend to adequately compensate Ms. Mbome for her work.

Further, even if there were a basis for considering an earlier date (there is not), Defendants' fraud, manipulation, and control over Ms. Mbome equitably tolled or suspended the running of the statutes of limitations on her claims until at least May 2016.  After retaining undersigned *pro bono* counsel, learning of her rights, and securing legal status in the United States, Ms. Mbome timely filed this case against Defendants in July 2018—long before any of the applicable statutes of

---

[2] Defendants contend Ms. Mbome's trafficking claims accrued on or about April 29, 2008, her breach of contract and quantum meruit claims accrued upon her arrival in the United States in April 2008, and her theft of services and fraud claims accrued before April 29, 2008.  Defendants do not identify an accrual date for Ms. Mbome's FLSA claim.

limitations had run.  Defendants' statute of limitations challenge is unfounded, and the Motion to Dismiss should be denied.

## LEGAL STANDARD

Defendants' Motion to Dismiss is based solely on the argument that Ms. Mbome's claims are time-barred by the relevant statutes of limitations.  A defendant has the burden of proof when pleading a statute of limitations defense.  *Griffin v. Box*, 85 F.3d 625 (5th Cir. 1996); *Han v. Korea Express U.S.A., Inc.*, No. 3:13-CV-04815-P, 2014 WL 12531505, at *3 (N.D. Tex. June 3, 2014) ("Under Texas law, a party defending against a claim on grounds of statute of limitations bears the burden of proof on that issue, including establishing the applicable statute and the accrual date of the cause of action.").  A complaint should not be dismissed under Rule 12(b)(6) on statute of limitations grounds unless "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).  A court must "accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."  *Main v. Am. Airlines Inc.*, 248 F. Supp. 3d 786, 791 (N.D. Tex. 2017) (O'Connor, J.) (citing *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007)).  Thus, a defendant can only prevail on a statute of limitations defense when "the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint."  *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)) (en banc).

## ARGUMENT

### I.    Ms. Mbome Timely Filed Her Claims

#### A.    *Ms. Mbome Timely Filed Her Federal Trafficking Claims*

Defendants are correct that a 10-year statute of limitations governs Ms. Mbome's federal Trafficking Victims Protection Reauthorization Act ("TVPRA") claims, but they miscalculate the

applicable limitations period.  A plaintiff's TVPRA claims do not accrue until the victim is free from her traffickers' control and able to take legal action.  *See, e.g.*, *Oluoch v. Orina*, 101 F. Supp. 3d 325, 331 (S.D.N.Y. 2015) (finding plaintiff's claim accrued "when she escaped from defendant's home"); *see also Cruz v. Maypa*, 773 F.3d 138, 146 (4th Cir. 2014) (finding plaintiff's "virtual imprisonment prevented her from seeking legal redress until at least the date of her escape"); *Hongxia Wang v. Enlander*, No. 17 CIV. 4932 (LGS), 2018 WL 1276854, at *4 (S.D.N.Y. Mar. 6, 2018) (finding statute of limitations tolled until plaintiff was freed from defendant's control).  Thus, Ms. Mbome's TVPRA claims against Defendants did not accrue until at least May 2016 when Mrs. Njie put Ms. Mbome out of her home and sent her on a one-way bus trip from Texas to Maryland, after purportedly releasing "legal responsibility" for Ms. Mbome's "stay" in the United States.  Compl. ¶¶ 66-67.  It was then that Ms. Mbome was partially freed from the Njies' control and was potentially able to take legal action.  Accordingly, Ms. Mbome had until at least May 2026 to file her TVPRA claims.  Ms. Mbome timely filed this action against Defendants in July 2018.

Throughout the time Ms. Mbome lived with the Njies, they maintained control over her by, among other things, confiscating her passport and visa, failing to provide for her personal care needs, withholding her compensation, and ultimately kicking her out of their home without compensation when they no longer needed her services.  Compl. ¶¶ 38, 43, 63-67.  The Njies physically restrained Ms. Mbome by limiting her ability to travel or meaningfully live outside of their care.  Compl. ¶ 83.  Ms. Mbome, who is illiterate, speaks very little English, and had never traveled outside of Cameroon prior to coming to the United States to work for the Njies, was entirely financially dependent on the Njies for all of her basic needs.  Compl. ¶ 83.  Ms. Mbome

could not have reasonably taken legal action against Defendants prior to being put out of the Njies' home in May 2016.

Even after Ms. Mbome left the Njies' home, Mr. Njie attempted to maintain control over her by threatening to have her deported from the United States.  Compl. ¶ 72.  In May 2018, with the assistance of undersigned *pro bono* counsel, Ms. Mbome obtained a T-Visa, a visa for victims of trafficking.  Compl. ¶ 75.  Only after securing legal status in the United States could Ms. Mbome pursue her claims against Defendants without fear of deportation and imprisonment.  Ms. Mbome timely filed this action in July 2018 less than two months after securing legal status in this country.

B.     *Ms. Mbome Timely Filed Her Texas Trafficking Claim*

Ms. Mbome's arguments above with respect to her TVPRA claims apply with equal force to her claim under the Texas Liability for Trafficking of Persons statute.  Ms. Mbome's Texas trafficking claim did not accrue until at least May 2016 when she first became free from the Njies' control and able to take legal action.  *See infra* Section II.  An express five-year statute of limitations governs Ms. Mbome's Texas trafficking claim.  Tex. Civ. Prac. & Rem. Code § 16.0045(b)(3) ("A person must bring suit for personal injury not later than five years after the day the cause of action accrues if the injury arises as a result of conduct that violates: . . . (3) Section 20A.02, Penal Code (trafficking of persons))."[3]  Thus, Ms. Mbome timely filed her Texas trafficking claim in July 2018 long before the applicable statute of limitations ran in May 2021.

---

[3] Defendants incorrectly contend there is no express statute of limitations period for Texas trafficking claims. Defendants' assertion that the residual four-year limitations period found in Texas Civil Practice and Remedies Code section 16.051 applies to Ms. Mbome's Texas trafficking claim is contradicted by the express limitations period for trafficking in persons offenses in Texas Civil Practice and Remedies Code section 16.0045.  In any event, even if the asserted four-year statute of limitations applied, Ms. Mbome's claim was still timely.

### C.      Ms. Mbome Timely Filed Her Willful FLSA Claim

There are two different statutes of limitations for FLSA actions based on unpaid minimum wages.  Those arising out of willful violations may be commenced within three years after the cause of action accrued; non-willful violations are governed by a two-year statute of limitations. 29 U.S.C. § 255(a).   Defendants' Motion to Dismiss fails to address that Ms. Mbome alleges Defendants **willfully** violated the FLSA and instead relies solely on the two-year statute of limitations for non-willful violations.

Their reliance on the two-year statute of limitations is wrong.  Courts have repeatedly held that, at the motion to dismiss stage, a plaintiff's burden to allege a willful violation is minimal; even a general averment of willfulness satisfies the requirements of pleading a willful violation of the FLSA.  *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV, 2018 WL 3057880, at *6 (D. Colo. June 20, 2018) (collecting cases).  Here, the Complaint clearly contains such a general averment: "the Njies' actions in violation of [the FLSA] were willful, as shown by their refusal to provide Ms. Mbome with her requested compensation and their statements that they would compensate her in ways and amounts less than as required by law."  Compl. ¶ 119.

The Complaint also goes well beyond a general averment.  An employer willfully violates the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Along those lines, the Complaint clearly alleges sufficient facts to establish a plausible claim that the Njies knew or showed reckless disregard for the fact that what they were doing was prohibited by the statute.  *See, e.g.,* Compl. ¶¶ 33, 40, 42, 53-61, 118.

The alleged facts, taken as true, raise a plausible claim that Defendants willfully violated the FLSA.  *See Alcorn v. George Mason Mortg., LLC*, No. CV RDB-15-2727, 2016 WL 3440261, at *4 (D. Md. June 23, 2016) (holding plaintiffs adequately pleaded willful FLSA claim); *Perkins*

6

*v. Total Bldg. Maint., Inc.*, No. 3:14-CV-2398-B, 2015 WL 1609193, at *4 (N.D. Tex. Apr. 7, 2015) (denying motion to dismiss FLSA claim based on expiration of the limitations period where complaint provided ample factual allegations that defendants' violations were willful).  As such, the three-year statute of limitations applies to Ms. Mbome's FLSA claim, and the claim is timely.

Ms. Mbome seeks unpaid minimum wages for the work she provided Defendants through May 2016.[4]  Compl. ¶¶ 64, 103, 117.  The Complaint was filed on July 20, 2018; therefore, Ms. Mbome's claims for unpaid minimum wages earned within the three years prior to filing the Complaint are timely and cannot be dismissed.

Further, Ms. Mbome's claims for unpaid minimum wages arising between the beginning of her employment in April 2008 and July 20, 2015 are also timely under the doctrine of equitable tolling.  Numerous courts have held that the "failure to post [notices pursuant to 29 C.F.R. § 516.4] advising employees of the right to earn minimum wage and overtime compensation equitably tolls the statute of limitations until an employee has actual notice of his or her rights under the FLSA." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 387 (E.D.N.Y. 2010); *see also*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) ("[A]bsent a tolling rule, employers would have no incentive to post notice since they could hide the fact of their violations from employees until any relevant claims expired."); *Simpson v. Nine Energy Servs., L.L.C*, No. H-16-836, 2017 WL 879547, at *2 (S.D. Tex. Mar. 6, 2017) (stating employer's failure to post required FLSA notices in the workplace can justify equitable tolling); *Darowski v. Wojewoda*, No. 3:15-CV-00803 (MPS), 2016 WL 4179840, at *11-13 (D. Conn. Aug. 7, 2016) (holding equitable tolling of FLSA claim was warranted where employer failed to post notices).

---

[4] Defendants' Motion to Dismiss incorrectly asserts that the Complaint demonstrates that Ms. Mbome ceased any alleged work for which wages are due in October 2015.  *See* Defs.' Mot. to Dismiss 3.  The Complaint clearly states that Ms. Mbome worked for the Njies through May 2016, and the Court must accept all well-pleaded facts as true.

Equitable tolling is warranted here where Defendants failed to post the required FLSA notices in their home.  *See* Compl. ¶ 118.  Ms. Mbome has never received any formal education, cannot read or write, speaks very little English, and was not aware of her rights under the FLSA until she retained the undersigned *pro bono* counsel.  Compl. ¶ 14; *see Ramirez v. CSJ & Co.*, No. 06 CIV. 13677 (LAK), 2007 WL 1040363, at *3 (S.D.N.Y. Apr. 3, 2007) (denying motion to dismiss FLSA claim as time barred where the defendant who failed to post the required FLSA notices "[took] advantage of" employees who were "immigrants with few skills and limited education").  In addition to the lack of notice, Defendants' actions and the extraordinary circumstances further justify equitably tolling the statute of limitations on Ms. Mbome's FLSA claim, as discussed in further detail in Section II.  *See infra* Section II.

D.      *Ms. Mbome Timely Filed Her Fraud Claim*

As an initial matter, Ms. Mbome's fraud claim is not subject to the four-year statute of limitations period identified by Defendants.  Instead, a five-year statute of limitations applies because Ms. Mbome's fraud claim is a cause of action for personal injury arising as the result of her trafficking claims. Tex. Civ. Prac. & Rem. Code § 16.0045(b)(3).  Texas courts have routinely held that if suit is brought for personal injury arising from an eligible offense, such as trafficking in persons or sexual assault, the elongated statute of limitations in section 16.0045 supersedes an otherwise-applicable statute of limitations.  *See Bertrand v. Bertrand*, 449 S.W.3d 856, 867 (Tex. App.—Dallas 2014, no pet.) (collecting cases).  For purposes of this analysis, personal injury claims include fraud and other tort claims arising from the eligible offense.  *See Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*, No. 04-13-00275-CV, 2014 WL 3747249, at *3 (Tex. App. —San Antonio, July 30, 2014, pet. denied) (applying five-year statute of limitations to fraud, negligence, civil conspiracy, and breach of fiduciary duty claims arising from a claim of sexual assault pursuant to § 16.0045).  Ms. Mbome's fraud claim arises directly from the

trafficking claim asserted against Defendants and is therefore governed by a five-year statute of limitations.  Of course, even if the four-year statute of limitations applied, Ms. Mbome's claims were brought well within that timeframe.

The Texas Supreme Court has "long held that fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence might have been discovered."  *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 216 (Tex. 2011) ("The statute of limitations for fraud begins to run from the time the party knew of the misrepresentation.").  Whether reasonable diligence has been exercised may be a question of fact or law, depending on the circumstances of the case.  *Hooks*, 457 S.W.3d at 57-58.  For instance, when sophisticated business entities are involved in a dispute, courts have found as a matter of law that reasonable diligence encompasses a duty to consult publicly-available records.  *See Seismic Wells, L.L.C. v. Sinclair Cos.*, No. 17-10373, 2018 WL 4191020, at *6 (5th Cir. Aug. 31, 2018) (finding reasonable diligence had not been exercised as a matter of law based on "[a] sophisticated business entity's confusion about common and significant documentary terminology and the nomenclature of the party with whom it deals").  However, in other cases, determining whether reasonable diligence has been exercised remains a question of fact.  *Hooks*, 457 S.W.3d at 59 ("The present case does not fall into any of the categories where we can determine, as a matter of law, that reasonable diligence would have timely uncovered the fraud.").

Regardless, Ms. Mbome's cause of action could not have accrued before she suffered the harm of withheld compensation.  Defendants do not argue, nor could they, that Ms. Mbome as a matter of law failed to exercise reasonable diligence.  Further, as alleged in the Complaint, Ms. Mbome was not a sophisticated party, had never traveled to the United States before, and had no

knowledge of U.S. law or business practices.  Compl. ¶¶ 14, 19, 30.  She relied to her detriment on the representations of Defendants regarding her compensation and when she would be compensated because of her trust in Defendants.  Compl. ¶¶ 30, 133.  Ms. Mbome did not discover that Defendants did not intend to pay her as they had promised until a date at some time between October 2015 and May 2016—the time period during which Defendants and Ms. Mbome discussed how Ms. Mbome would be compensated and which ended with Defendants kicking Ms. Mbome out without compensation.  Compl. ¶¶ 53-67.  Even assuming the earlier date of October 2015 applies, Ms. Mbome is well within the statute of limitations to assert a claim for fraud, which would not run until October 2020.  Defendants have accordingly failed to carry their burden to show Ms. Mbome's fraud claim is untimely.

> E.    *Ms. Mbome Timely Filed Her Other Texas State Law Claims*

> 1.    <u>Theft of Services</u>

Ms. Mbome's claim for theft of services derives from section 134.001 of the Texas Civil Practice and Remedies Code and section 31.04 of the Texas Penal Code.  Neither of those sections provides a limitations period.  However, section 16.0045 of the Texas Civil Practice and Remedies Code provides a five-year limitations period for causes of action where the injury arises as a result of trafficking.  *See* Tex. Civ. Prac. & Rem. Code § 16.0045(b)(3); Tex. Penal Code § 20A.02.  Accordingly, Ms. Mbome's theft of services claim is governed by a five-year statute of limitations—not the four-year residual limitations period that Defendants claim.

Ms. Mbome's theft of services claim rests on her allegation that Defendants "falsely represented to Ms. Mbome that she would be compensated for her services."  Compl. ¶ 138.  And while Defendants are correct that this deception first occurred in or around April 2008, it did not cause any compensable harm to Ms. Mbome until May 2016 when Defendants refused to pay her.  *See* Tex. Penal Code § 31.04(4) (making it an offense under the statute if the actor "secures the

performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment"). Thus, Ms. Mbome's theft of services claim accrued no earlier than May 2016 because that is the earliest date she could have suffered a legal injury. *See Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410-11 (5th Cir. 2004) (holding that Texas generally follows the legal injury test, under which "[a] cause of action generally accrues . . . when facts come into existence that authorize a claimant to seek a judicial remedy").

Consequently, under any reasonable formulation of the limitations period or simply under the default legal injury rule, Ms. Mbome's theft of services claim is timely.

### 2. Breach of Contract

Ms. Mbome's breach of contract claim is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.051; *Cont'l Cas. Co. v. Dr Pepper Bottling Co. of Tex., Inc.*, 416 F. Supp. 2d 497, 507 (N.D. Tex. 2006). A cause of action for breach of contract typically accrues "when a demand for payment has been made and refused." *Cont'l Cas.*, 416 F. Supp. 2d at 507 (citing *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)). Additionally, "[i]f the parties' agreement contemplates a continuing contract for performance, the limitations period does not usually commence until the contract is fully performed, unless one party refuses to fulfill the contract or prevents the other party from performing." *Intermedics*, 683 S.W.2d at 845; *see also Cont'l Cas.*, 416 F. Supp. 2d at 506-07.

Ms. Mbome did not discuss payment for her services until—at the earliest—October 2015, and she did not fully perform her end of the agreement until May 2016. *See* Compl. ¶¶ 53, 60-61, 141-43. At no point during the course of Ms. Mbome's performance did she discuss periodic payments for her services. To the contrary, Ms. Mbome was expressly discouraged from discussing compensation with Defendants during the course of her service. Compl. ¶¶ 28-30, 42.

11

The parties therefore understood Ms. Mbome would be paid only after her work with Defendants was completed.  After Ms. Mbome issued her initial demand for monetary payment for her services, Defendants countered her demand by stating they would need to deduct money for her living expenses and other costs.  Compl. ¶ 63.

Accordingly, Ms. Mbome's cause of action for breach of contract could not have accrued sooner than October 2015—the date she first discussed payment for her services with Defendants—and more reasonably, would not have accrued while she was still negotiating with Defendants.  As a result, Ms. Mbome's breach of contract claim is timely.

> 3.   Quantum Meruit

Ms. Mbome's quantum meruit claim is governed by a four-year statute of limitations.  Tex. Civ. Prac. & Rem. Code § 16.004(a)(3); *Channel Source Inc. v. CTI Indus. Corp.*, No. 3:15-CV-0271, 2015 WL 13118198, at *3 (N.D. Tex. Oct. 26, 2015).  Typically, a quantum meruit cause of action accrues on the date the defendant accepts the services at issue.  *Channel Source*, 2015 WL 13118198, at *3.  However, "when the service provider is to be paid upon completing all services, a claim for quantum meruit . . . accrues on the last date services were provided."  *Id.*  The precise date upon which a quantum meruit cause of action accrues may be a fact question for the jury's determination, thus making it inappropriate to determine at the dismissal stage.  *See Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex. App.—San Antonio 2008, no pet.) (noting the jury was charged with the question "When was the last date Plaintiff . . . performed compensable work for Defendant . . . ?").

As explained above, Ms. Mbome and Defendants always understood that Ms. Mbome would be compensated for her services upon the completion of her work with the Njies.  *See* Compl. ¶¶ 53, 60-61, 141-43.  Those services were concluded on or about May 2016, putting Ms.

12

Mbome's quantum meruit claim well within the applicable four-year limitations period.  Thus, Ms. Mbome's quantum meruit claim is timely.

## II.   Defendants' Actions Equitably Tolled the Statutes of Limitations on Ms. Mbome's Claims

Even if the Court accepts Defendants' contention that most of Ms. Mbome's claims accrued on or before April 29, 2008 (respectfully, it should not), her claims are equitably tolled. Equitable tolling preserves a plaintiff's claims when, as here, "strict application of the statute of limitations would be inequitable." *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 207 (5th Cir.), *cert. denied*, 138 S. Ct. 134, 199 L. Ed. 2d 35 (2017) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)); *see also Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (explaining that the "interests of justice" may "weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing" and "equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims").

Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Adhikari*, 845 F.3d at 207 (quoting *Patterson*, 211 F.3d at 930).  Courts frequently toll statutes of limitations for trafficking victims when defendants prevent victims from asserting their rights through manipulation and control.  *See Cruz*, 773 F.3d at 146 (equitable tolling warranted for plaintiff's TVPRA and FLSA claims where defendants "confiscated [plaintiff's] passport, isolated her from other people, monitored her communications, and threatened that she would be imprisoned and deported if she tried to escape"); *Wang*, 2018 WL 1276854, at *4 (finding "coercion, manipulation, threats, physical assault and monitoring" constituted "extraordinary

13

circumstance" that prevented plaintiff from asserting her forced labor and trafficking claims to equitably toll plaintiff's TVPRA claims); *Kiwanuka v. Bakilana*, 844 F. Supp. 2d 107, 118 (D.D.C. 2012) (equitable tolling established for plaintiff's FLSA claim where defendants prevented plaintiff from taking legal action by confiscating her identification documents and passport, threatening her with deportation, and forcing her to remain completely dependent on them); *Doe v. Siddig*, 810 F. Supp. 2d 127, 133-34 (D.D.C. 2011) (holding plaintiff adduced enough factual content to render her equitable tolling argument sufficiently plausible to allow her to proceed to discovery on FLSA claim).

Ms. Mbome's claims clearly warrant equitable tolling at least until she left the Njies' home in May 2016.  Defendants prevented Ms. Mbome from seeking legal recourse through fraud, manipulation, and control.  Ms. Mbella, in her capacity as the Njies' agent, manipulated and deceived Ms. Mbome by, among other things, falsely representing that she would be paid and instructing her to never raise the topic of compensation with the Njies.  Compl. ¶¶ 13, 28.  The Njies further manipulated and controlled Ms. Mbome by, among other things, restricting her life outside their home, confiscating her passport and visa under the pretext of extending her visa, purposefully withholding information about their legal obligation to compensate her for her services, and forcing her to remain completely dependent on them by withholding her compensation.  Compl. ¶¶ 33-43.  Under these extraordinary circumstances, Defendants prevented Ms. Mbome from seeking legal recourse until at least May 2016.

## III.   Defendants' Fraudulent Concealment Suspended the Running of Limitations on Ms. Mbome's Claims

The doctrine of fraudulent concealment suspends the running of limitations until such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action.  *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999).  "For fraudulent

concealment to apply, the plaintiff must prove the defendant: (1) had actual knowledge of the wrong; (2) had a fixed purpose to conceal the wrong; and (3) did conceal the wrong from the plaintiff." *Doe v. St. Stephen's Episcopal Sch.*, 382 F. App'x 386, 389-90 (5th Cir. 2010) (applying Texas law) (omitting internal marks and citations).

In this case, the doctrine of fraudulent concealment should toll the statute of limitations on all of Ms. Mbome's asserted claims.  Ms. Mbome was victimized by Defendants, who took advantage of her lack of education and great trust in them in order to avoid paying her for eight years of labor.  Ms. Mbome has alleged that Defendants were aware that they should have paid her for her work.  Compl. ¶ 42.  Ms. Mbome has also alleged that Defendants intended to conceal this information from her and did so in a variety of ways, including by informing Ms. Mbome that it was imperative that she not raise the topic of compensation, by failing to inform Ms. Mbome of the minimum wage laws, and by keeping her isolated in the home with work duties.  Compl. ¶¶ 30, 33, 42.  These acts of deceit were effective.  Defendants succeeded in concealing their intent to withhold compensation from Ms. Mbome for years.

Defendants should not be allowed to have their own deceitful conduct relieve them of liability.  *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996) (stating that the fraudulent concealment doctrine recognizes that "a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing").  Accordingly, Ms. Mbome has pleaded sufficient allegations that the doctrine of fraudulent concealments should apply, and dismissing her claims at this juncture of the proceedings would be improper.

## CONCLUSION

For the foregoing reasons, Ms. Mbome respectfully submits that Defendants' Motion to Dismiss should be denied in its entirety.

15

Dated: October 3, 2018

Respectfully submitted,

By: /s/ Matthew V. Lloyd
    Matthew V. Lloyd (TX Bar No. 24083404)
    mvlloyd@akingump.com
    Akin Gump Strauss Hauer & Feld LLP
    1700 Pacific Avenue, Suite 4100
    Dallas, TX 75201
    Telephone:  214-969-2800
    Facsimile:  214-969-4343

    Corey W. Roush (DC Bar No. 466337)
    (Admitted *Pro Hac Vice*)
    croush@akingump.com
    Akin Gump Strauss Hauer & Feld LLP
    Robert S. Strauss Building
    1333 New Hampshire Avenue, N.W.
    Washington, D.C. 20036
    Telephone:  202-887-4115
    Facsimile:  202-887-4288

    ***Attorneys for Plaintiff Bridget Namondo Mbome***

## CERTIFICATE OF SERVICE

On October 3, 2018 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Matthew V. Lloyd
Matthew V. Lloyd