In the United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| **Bridget Namondo Mbome,** § | |
| § | |
| plaintiff, § | |
| § | |
| v. § | case no. 4:18-cv-597-O |
| § | |
| **Henry Njie, Emilia Njie,** and § | |
| **Mary Mbella,** § | |
| § | |
| defendants. § | |

### Defendants' Reply to Plaintiff's Response to Motion to Dismiss

Henry Njie, Emilia Njie, and Mary Mbella (collectively, **"Defendants"**) file this reply to the response of Bridget Mbome (**"Plaintiff"**) to Defendants' motion to dismiss.

### Equitable Tolling Is Not Appropriate

Plaintiff essentially argues that all of her claims should be equitably tolled to accrue no earlier than May of 2016, claiming that to be the month in which Plaintiff completed her work for Defendants. Such an argument is not supported by the facts set out in Plaintiff's own complaint.

To warrant equitable tolling, a plaintiff must allege and prove (1) that she has been diligently pursuing her rights, and (2) that some extraordinary circumstance stood in her way and prevented timely filing of her lawsuit. *Lama v. Malik*, 192 F.Supp.3d 313 (E.D.N.Y. 2016, *quoting Lawrence v. Florida*, 579 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). When equitable tolling applies, the limitations period begins to run when the plaintiff either acquires actual knowledge of the facts that comprise her cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put her on notice. *Id.*

A.     Plaintiff's Complaint Does Not Demonstrate Extraordinary Circumstances

Throughout her response to the motion to dismiss, Plaintiff repeatedly makes inflammatory references to being "physically restrained" by Defendants to the point that she "could not have reasonably taken legal action" prior to May of 2016. However egregious these allegations sound, they are inconsistent with the facts actually plead in Plaintiff's complaint. In fact, Plaintiff never actually alleges she was physically restrained during her time spent with Defendants (her cousins).

Plaintiff's response ignores various facts in the complaint that demonstrate Plaintiff was never physically restrained or prevented by any extraordinary circumstances from bringing this action within the applicable limitations period. Plaintiff alleges she left the Defendants' home to attend church services. ECF no. 1, ¶ 37. Plaintiff alleges she accompanied Defendants on routine shopping trips to various stores. ECF no. 1, ¶ 38. More telling, however, Plaintiff alleges that, "on two separate occasions during her first two years with the [Defendants]" she asked Defendants for permission to travel to Maryland to visit her nephew, and that Defendants not only gave her permission, but purchased her airplane ticket for each trip. ECF no. 1, ¶ 44. Defendants did not travel with Plaintiff to Maryland on these occasions, and each time she returned voluntarily to Defendants' home.

Facts nearly identical to these have been found insufficient to demonstrate "extraordinary circumstances" justifying the equitable tolling of the limitations period. In *Lama v. Malik*, the court was faced with a claim from a domestic worker who had come to the United Stated from Nepal to live with and perform household services for a family in New York. *Lama*, 192 F.Supp.3d at 316. Ms. Lama had no formal education and did not speak English. *Id.* She rarely interacted with anyone outside the Maliks' home, although she occasionally went shopping. *Id.* She did not,

however, have her own money, driver's license, bank account or credit card. *Id.* She did not drive, and was generally dependent on the Maliks for her basic needs. *Id.*

In determining that these circumstances were not sufficiently "extraordinary" to justify equitable tolling, the court made special note of Ms. Lama's ability to leave the Maliks' home to travel during the same time period Ms. Lama alleged she was "enslaved." *Id.* at 319.

Very similar facts are set out in Plaintiff's complaint. While Plaintiff alleges she was retrained and controlled by Defendants, she admits she was able to attend church services, go shopping, and even travel on her own to Maryland on at least two separate occasions in 2008 or 2009. These facts preclude any finding of extraordinary circumstances necessary for the application of equitable tolling of any of the applicable statutes of limitation for Plaintiff's claims.

B.  <u>Plaintiff Has Not Alleged Reasonable Diligence</u>

Plaintiff does not allege in her complaint when she acquired actual knowledge of the facts giving rise to her claims in this matter. In fact, Plaintiff does not allege that she did now have such knowledge at the actual time those facts occurred. Nowhere in the complaint does Plaintiff deny having knowledge of the operative facts, and nowhere in the complaint does Plaintiff allege when she discovered or could have discovered those facts.

Indeed, Plaintiff even alleges she (a) was used to negotiating her own wages before accepting work, (b) knew she was to be paid for her work, and (c) discussed with at least one of the Defendants the terms of her compensation before she ever left Cameroon in April of 2008. ECF no. 1, ¶¶ 28, 30.

Plaintiff alleges that she travelled, without any of the Defendants, to Maryland on two occasions in 2008 or 2009. ECF no. 1, ¶ 38. She also alleges she ceased working for Defendants

in October of 2015, moved back to Maryland in May of 2016, and yet she did nothing to assert her rights until filing this lawsuit in July of 2018.  ECF no. 1, ¶¶ 53, 64-66.

In light of these facts, the court simply cannot find that Plaintiff used reasonable diligence in prosecuting her claims, meaning equitable tolling should not be applied here.

**Prayer**

Defendants respectfully request that the court dismiss all claims asserted by Plaintiff in this matter, and that the court award Defendants any such further relief to which they are justly entitled.

Respectfully submitted,

_____*/s/ Michael Hassett*_____
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR DEFENDANTS

Certificate of Service

The undersigned certifies that on October 17, 2018, I caused this motion to be served on all counsel of record via the court's CM/ECF system.

_____*/s/ Michael Hassett*_____

**Defendants' Reply to Plaintiff's Response to Motion to Dismiss**, page 4